AMELIA L. WOLF, Administratrix, etc., of JOSEPH F. WOLF, Deceased, Respondent, Appellant, v. BALTIMORE AND OHIO RAILROAD COMPANY, Appellant, Respondent.— Judgment and order affirmed, without costs. All concur.

CLAYTON BLAISDELL, Respondent, Appellant, v. N. P. SEVERIN, INCORPORATED, Appellant, and FLOWER CITY CARTING AND EXCAVATING COMPANY, INCORPORATED, Respondent.— Judgments and orders affirmed, with costs. All concur.

AHLHEIM & COMPANY, INCORPORATED, Appellant, v. SYRACUSE COLD STORAGE COMPANY, INCORPORATED, Respondent.— Judgment and order affirmed, with costs. Memorandum. The question here is whether defendant could lawfully accept and cash plaintiff's checks without inquiry. We find the answer in this consideration: When defendant accepted the checks it gave plaintiff full consideration for so doing by delivering the butter to plaintiff or its appointees. Such cases as *Ward* v. *City Trust Co.* (192 N. Y. 61); *Wagner Trading Co.* v. *B. P. Nat. Bank* (228 id. 37); *Squire* v. *Ordemann* (194 id. 394), and *Cohnfeld* v. *Tanenbaum* (176 id. 126) are clearly distinguishable. If this delivery and plaintiff's disposing of the butter as it did unjustly deprives plaintiff of its property (cash), that is a matter to be adjusted between plaintiff and Albany Ahlheim, or plaintiff and the estate of George Ahlheim. All concur.

MARGARET KEEFE and Others, Appellants, v. ERIE RAILROAD COMPANY and Another, Respondents.— Judgment in favor of defendant Erie Railroad Company and order affirmed, with costs; judgment in favor of defendant Crans reversed on the facts and a new trial granted, with costs to the appellants to abide the event, on the ground that the finding of the jury as to the freedom of defendant Crans from negligence and the findings relating to contributory negligence of the plaintiffs are against the weight of the evidence. All concur.

In the Matter of the Application of JOHN J. WARREN, Petitioner, for an Order of Mandamus against and to WALTER L. ROBERTS and Others, Individually and as the Board of Police and Fire Commissioners of the City of Dunkirk, New York, and Others, Respondents.— Judgment and order affirmed, with costs. All concur.

MORRIS COHEN, Respondent, v. NORA L. McDONALD, Appellant, and Another, Defendant.— Judgment affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LOUISE, Appellant.— Appeal dismissed as non-appealable, and also as academic by reason of the reversal of the judgment [*ante*, p. 471] made on even date herewith. All concur.

BERNARD T. McGETTIGAN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

ELIZABETH McGETTIGAN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

JOHN A. WHALEN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

BRIDGET CANFIELD, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

T. FRANK DOLAN, Appellant, v. DANIEL L. DOHERTY and Others, Respondents.— Order entered substituting David L. Foran and Mary C Dillon as executors of the last will and testament of John J. Dillon, deceased, as defendants in the place and stead of John J. Dillon, deceased, and Mary C. Dillon, as agent

of John J. Dillon. Order entered on stipulation amending the order of reversal made June 27, 1934, so as to provide that the order appealed from be modified by striking out the provisions that the Frigidaire Ice System is not covered by the lien of the mortgage, and the direction that the receiver deliver the said system to Mary C. Dillon as agent for John J. Dillon, and by inserting in place thereof a provision that said system was a part of the real estate in which it was installed, and affirming the said order as so modified, without costs.